IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HICA EDUCATION LOAN CORP.,

    Plaintiff,                            No. 2:12-cv-1798 TLN GGH

    vs.

ELENA NYHAN,
aka ELENA MATHEW,
                                        <u>FINDINGS &</u>

    Defendant.                   <u>RECOMMENDATIONS</u>

_____/

        Plaintiff's motion for entry of default judgment against defendant Elena Nyhan, also known as Elena Mathew, filed October 8, 2012, was submitted on the record. Local Rule 230(g). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

<u>BACKGROUND</u>

        On July 6, 2012, plaintiff filed the underlying complaint in this action against defendant Nyhan, alleging that Nyhan defaulted on her federally guaranteed HEAL student loans. HICA Education Loan Corporation's claim for default seeks recovery of the amounts due and owing under three notes, as well as other costs and charges arising out of the default. The summons and complaint were personally served on defendant Nyhan on July 19, 2012. Fed. R.

1

Civ. P. 4(e)(2). <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant Nyhan has failed to file an answer or otherwise appear in this action. On September 6, 2012 the clerk entered default against defendant Nyhan.

Notice of the request for entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant Nyhan at her last known address. Defendant Nyhan filed no opposition to the motion for entry of default judgment. Plaintiff seeks an entry of default judgment against defendant Nyhan in the amount of $10,225.08, with additional prejudgment interest from August 21, 2012 to the date of judgment at a rate of $0.71 per day, plus post-judgment interest.

DISCUSSION

The court has subject matter jurisdiction over this federal question action. <u>HICA Educ. Loan Corp. v. Eslao</u>, 2012 WL 1413373 (N.D. Cal., 2012); <u>HICA Educ. Loan Corp</u>, 2011 WL 3515911 (D.N.J. 2011). Personal jurisdiction is appropriate as defendant was served at her ostensible residence in Truckee, CA.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. Plaintiff seeks $10,225.08 which is comprised of

\\\\\

$9,214.09 in unpaid principal,[1] and $1,010.99 in unpaid interest as of August 20, 2012. Zimmerman Decl., ¶¶ 2-4. Plaintiff also seeks interest in the amount of $0.71 per day from August 20, 2012 until the date of judgment, as well as interest from the date of judgment until the judgment is paid at a rate calculated by the Secretary of the Department of Health and Human Services. See Compl. ¶ 11, n. 3, Exs. 1-3. The court finds the requested sums to be appropriate. This court will recommend that plaintiff's request for default judgment be granted in accordance with terms set forth in plaintiff's proposed judgment.

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that: Plaintiff's motion for entry of default judgment be GRANTED in the amount of $10,225.08, plus prejudgment interest from August 21, 2012 to the date of judgment at a rate of $0.71 per day, plus post-judgment interest as specified in plaintiff's proposed judgment which is approved as to form and substance.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties

\\\\\
\\\\\
\\\\\
\\\\\

---

[1] The unpaid principal exceeds the original amounts of the notes because it includes interest previously accrued and not paid, which is permitted to be added to the principal. See 42 U.S.C. § 292d(a)(2)(D).

1 are advised that failure to file objections within the specified time may waive the right to appeal
2 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: April 9, 2013

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

GGH:076/HICA.1798.def.wpd